**Luella Rásmussen, Appellee, v. Julia F. Drake, Executrix, Appellant.**

**Gen. No. 18,992. (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. Charles H. Bowles, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 30, 1914.

## Statement of the Case.

Action by Luella Rasmussen against Frederick J. Drake for injuries sustained by plaintiff caused by being struck by an automobile of the defendant through the alleged negligence of a servant of defendant, the driver thereof. From a judgment in favor of plaintiff for two thousand five hundred dollars, defendant ap-

pealed. Pending the appeal, Drake died and his executrix was substituted as appellant.

DAY & GUENTHER, for appellant.

CHARLES C. SPENCER, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 3*—*questions for jury.* In an action for personal injuries resulting from being struck by defendant's automobile driven by a servant of defendant, it appearing that the automobile was following a street car and that plaintiff was struck after she had alighted from the car, *held* that the questions whether the automobile was negligently operated and whether the plaintiff was guilty of contributory negligence were questions of fact upon which the verdict of the jury was conclusive.

2. AUTOMOBILES AND GARAGES, § 3*—*when operation of automobile by defendant is admitted by the pleadings.* In an action for injuries resulting from being struck by defendant's automobile, the operation of the automobile by the defendant is admitted when the only plea filed is a plea of not guilty.

3. APPEAL AND ERROR, § 1309*—*when material fact will not be regarded as put in issue by the pleadings.* Where in an action for injuries resulting from being struck by defendant's automobile the question of the operation of the automobile by the defendant was not put in issue by the pleadings and the only evidence on that point was the testimony of a witness called by the plaintiff as to a conversation between the witness and the defendant, *held* that the case does not come within the rule that where a material fact is treated as in issue by both parties, and evidence was offered on the one side to maintain and the other to controvert such fact, it will be regarded by a court of review as put in issue by the pleadings.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.